UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PYRAMID WALDEN COMPANY, L.P.;
LANESBOROUGH ENTERPRISES NEWCO,
LLC; and POUGHKEEPSIE GALLERIA, LLC,

                              Plaintiffs,

                      v.                              5:07-CV-946
                                                                    (FJS/GHL)
DIVERSIFOODS, INC. d/b/a TROPIK SUN,

                              Defendant.
_____

**APPEARANCES**                                         **OF COUNSEL**

**MENTER, RUDIN & TRIVELPIECE, P.C.**       **MITCHELL J. KATZ, ESQ.**
308 Maltbie Street, Suite 200                  **KEVIN M. NEWMAN, ESQ.**
Syracuse, New York 13204                     **CELIA E. MOORE, ESQ.**
Attorneys for Plaintiffs

**DIVERSIFOODS, INC.**                        **NO APPEARANCE**
**d/b/a TROPIK SUN**
Defendant *pro se*

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      Currently before the Court is Plaintiffs' motion for entry of a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

**II. BACKGROUND**

      Plaintiffs filed their complaint in this action on September 13, 2007. *See* Dkt. No. 1. Plaintiffs served Defendant with the summons and complaint on September 19, 2007, through

the New York State Secretary of State pursuant to New York Corporation Law § 306. *See* Affidavit of Mitchell J. Katz, sworn to November 26, 2007 ("Katz Aff."), at ¶ 5 & Exhibit "B." Plaintiffs completed compliance with New York Civil Law and Rules § 3215(g)(4)(i) and (ii) on September 21, 2007. *See id.* at ¶ 6 & Exhibit "C." Defendant, a foreign corporation, has failed to submit an answer or otherwise appear in this action within the required time period. *See id.* at ¶ 8.

### III. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that when a party fails to defend itself the Clerk of the Court shall enter that party's default. *See* Fed. R. Civ. P. 55(a). The plaintiff may then seek a default judgment. *See* Fed. R. Civ. P. 55(b).

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted).

In their complaint, to which they have attached the "Amended Plan of Reorganization," Plaintiffs allege that, "[p]ursuant to the Plan, the Defendant was and is required to pay general unsecured creditors the pro rata distribution for their claims in consecutive quarterly payments on February 16, May 16, August 16 and November 16 in each year over a five-year period commencing ninety (90) days from November 16, 2001 . . . [and that,] [p]ursuant to the Plan,

Diversifoods was to pay a total of $301,500.00 to the general unsecured creditors." *See* Complaint at ¶¶ 10-11.  Plaintiffs also assert that "Pyramid Walden holds a general unsecured claim against Defendant in the amount of $44,808.83 . . . [and that,] [p]ursuant to the Plan, Pyramid Walden is to receive 1.3% of the total distribution of $301,500.00 over the five-year period in the amount of $3,919.50." *See id.* at ¶¶ 13-14.  Furthermore, Plaintiffs contend that

> Pyramid Walden . . . received two payments from Defendant . . . on May 30, 2002 for the February 16 and May 16, 2002 due dates in the amounts of $124.44 and $332.50, respectively[;] . . . Pyramid Walden has received no further payments as required under the Plan[;] . . . Defendant has breached the terms of the Plan . . . [and,] [a]s a result of the breach, Pyramid Walden is entitled to damages in the amount of $3,462.56.

*See id.* at ¶¶ 15-17.

Likewise, Plaintiff Lanesborough contends that Defendant has breached the terms of the Plan.  Specifically, Plaintiff Lanesborough asserts that it "holds a general unsecured claim against Defendant in the amount of $330,279.91 . . . [and that it] is to receive 9.8% of the total distribution of $301,500.00 over the five-year period in the amount of $29,547.00." *See id.* at ¶¶ 19-20.  Plaintiff Lanesborough claims that it

> received two payments from Defendant . . . on May 30, 2002 for the February 16 and May 16, 2002 due dates in the amounts of $917.24 and $2,440.00, respectively[;] . . . Lanesborough has received no further payments as required under the Plan[;] . . . Defendant has breached the terms of the Plan; . . . [and,] [a]s a result of the breach, Lanesborough is entitled to damages in the amount of $26,189.76.

*See id.* at ¶¶ 21-23.

Finally, Plaintiff Poughkeepsie alleges that it "holds a general unsecured claim against Defendant in the amount of $1,004,459.92 . . . [and that it] is to receive 29.8% of the total

distribution of $301,500.00 over the five-year period in the amount of $89,847.00." *See id.* at ¶¶ 25-26. Furthermore, Plaintiff Poughkeepsie asserts that it "received two payments from Defendant . . . on May 30, 2002 for the February 16 and May 16, 2002 due dates in the amounts of $2,789.56 and $7,440.00, respectively . . . [and that it] has received no further payments as required under the Plan." *See id.* at ¶¶ 27-28. Plaintiff Poughkeepsie therefore contends that "Defendant has breached the terms of the Plan . . . [and,] [a]s a result of the breach, Poughkeepsie is entitled to damages in the amount of $79,617.44." *See id.* at 29.

In their motion for entry of a default judgment, Plaintiffs seek the following damages as a result of Defendant's breach:

> 1. Plaintiff Pyramid Walden Company, L.P. – $3,462.56 plus interest at the current applicable rate of 4.28% from May 30, 2002 to October 29, 2007 in the amount of $803.11, for a total amount of **$4,265.67**
>
> 2. Plaintiff Lanesborough Enterprises Newco, LLC – $26,189.76 plus interest at the current applicable rate of 4.28% from May 30, 2002 to October 29, 2007 in the amount of $6,074.47, for a total amount of **$32,264.23**
>
> 3. Plaintiff Poughkeepsie Galleria, LLC – $79,617.44 plus interest at the current applicable rate of 4.28% from May 30, 2002 to October 29, 2007, in the amount of $18,466.53, for a total amount of **$98,083.97**

*See* Katz Aff. at WHEREFORE clause.

Plaintiffs also seek to recover the following costs: (1) $350.00 filing fee; (2) $40.00 for service of the complaint; and (3) $20.00 default judgment fee.

Accepting the well-pleaded allegations in the complaint as true, the Court finds that Defendant has breached the Plan; and, therefore, Plaintiffs are entitled to the damages they

suffered as a result of that breach. Accordingly, the Court grants Plaintiffs' motion for a default judgment on the issue of liability.

With respect to their claims for damages, the Court has no quarrel with the principal amounts that Plaintiffs seek in each of their causes of action or the costs for filing and service fees. However, Plaintiffs do not explain how they determined that the current applicable interest rate, by which the Court assumes that Plaintiffs mean the "prejudgment interest rate," is 4.28%. Therefore, the Court denies, without prejudice, Plaintiffs' request for interest on the principal amounts that Defendant owes them. If Plaintiffs wish to pursue their request for interest, they must file an affidavit and other documentation that supports their request within **ten (10) days** from the date of this Order.

Likewise, the Court does not understand what Plaintiffs mean when they refer to a "default judgment fee" because there is no fee associated with the filing of a default judgment motion in federal court. Pursuant to this District's Local Rules, "[t]he party seeking costs shall accompany its request with receipts indicating that the party **actually incurred** the costs it seeks." L.R. 54.1(a) (emphasis added). Therefore, the Court denies Plaintiffs' request for $20.00 in costs for the default judgment fee. If Plaintiffs wish to pursue reimbursement for this cost, they must file the required documentation within **ten (10) days** from the date of this Order.

### IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for a default judgment against Defendant on the issue of liability is **GRANTED**; and the Court further

**ORDERS** that Plaintiff Pyramid Walden Company, L.P.'s motion for a default judgment against Defendant is **GRANTED** in the principal amount of **$3,462.56**; and the Court further

**ORDERS** that Plaintiff Pyramid Walden Company, L.P.'s motion for a default judgment against Defendant for prejudgment interest on the principal amount is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff Lanesborough Enterprises Newco, LLC's motion for a default judgment against Defendant is **GRANTED** in the principal amount of **$26,189.76**; and the Court further

**ORDERS** that Plaintiff Lanesborough Enterprises Newco, LLC's motion for a default judgment against Defendant for prejudgment interest on the principal amount is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff Poughkeepsie Galleria, LLC's motion for a default judgment against Defendant is **GRANTED** in the principal amount of **$79,617.44**; and the Court further

**ORDERS** that Plaintiff Poughkeepsie Galleria, LLC's motion for a default judgment against Defendant for prejudgment interest on the principal amount is **DENIED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that, if Plaintiffs wish to pursue their claims for prejudgment interest on the principal amounts that Defendant owes to them, they must file an affidavit and documentation supporting their request within **ten (10) days** from the date of this Order; and the Court further

**ORDERS** that Plaintiffs' request for costs in the amount of **$390.00** for filing and service fees is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' request for costs in the amount of **$20.00** for the default

judgment fee is **DENIED WITHOUT PREJUDICE**; and the Court further

ORDERS that, if Plaintiffs wish to pursue their claim for reimbursement of the cost for the default judgment fee, they must file documentation to support this claim, in compliance with Local Rule 54.1(a), within **ten (10) days** from the date of this Order; and the Court further

**ORDERS** that, if Plaintiffs file any additional papers to support their requests for prejudgment interest and costs within ten days from the date of this Order, the Clerk of the Court shall return the file in this matter to the Court for further review; and the Court further

**ORDERS** that, if Plaintiffs do not file any additional papers to support their requests for prejudgment interest and costs within ten days from the date of this Order, the Clerk of the Court shall enter judgment in favor of Plaintiffs for the amounts awarded herein and close this case without further order of this Court.

**IT IS SO ORDERED.**

Dated: February 15, 2008
        Syracuse, New York

                                    _____
                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge